UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN COOMES,

    Plaintiff,

  v.

ALLSTATE INSURANCE COMPANY, et al.,

    Defendants.

Case No. 1:10-cv-905

Weber, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed suit against four defendants, namely, Allstate Insurance Company, Allstate Financial Services (together, "Allstate"), Eric Montes and Bill Stamaton, in the Common Pleas Court of Ohio for Clermont County.[1] (Doc. 5, Complaint, at 1). Although it is not entirely clear from the complaint, it appears as if Plaintiff is alleging claims of fraudulent inducement or, in the alternative, unjust enrichment. (Id.) Plaintiff is also seeking equitable relief in the form of an injunction, declaratory judgment and specific performance. (Id. at 2). Defendants Allstate, Montes and Stamaton filed a notice of removal pursuant to 28 U.S.C. § 1441(a). (Doc. 1, Notice of Removal, at 1). Pursuant to local practice Defendants' Motion to Dismiss (Doc. 8), and Plaintiff's Motion to Remand (Doc. 10) have been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. 28 U.S.C. § 636(b).

---

[1] Although these four defendants are listed in the caption as defendants, in the body of the complaint it appears as if Plaintiff is only suing the corporate defendants as he only requests service on "Allstate Insurance Company via their representative Eric Montes" and on "Allstate Financial Services via their representative Bill Stamaton." However, for purposes of addressing the pending motions, the Court will consider the individuals as named defendants.

I.   **Factual Background**[2]

Since February 1, 2008 Plaintiff has marketed and sold financial and insurance products under an Allstate Exclusive Agency agreement with Allstate. (Doc. 8-1, Allstate R3001S Exclusive Agency Agreement, at 1; Doc. 8-2, Allstate Financial Services, LLC Registered Representative Agreement, at 1). Plaintiff began to work for Allstate after he purchased a book of Allstate insurance business. (Doc. 1 at 3; Doc. 10 at 4). In order to complete that purchase Allstate had to approve Plaintiff to become an Allstate agent. (*Id.*). To that end, Plaintiff met with Defendant Montes over lunch.

At a training session in the spring of 2008, Plaintiff was advised by an unnamed Allstate employee that as an Allstate agent he would be prohibited from practicing law. Plaintiff immediately questioned this because, at the time, he was in law school. Plaintiff was assured that a waiver would be available to him so that he could practice law. (Doc. 5 at 2). This prohibition on outside activities, including the practice of law, is set forth in the Allstate Financial Services Policy and Procedures Manual, which Plaintiff was required to acknowledge and affirm. (Doc. 18 at 3). Once Plaintiff passed the Ohio bar examination, he requested a waiver so that he could engage in the practice of law. (Doc. 5 at 2). On November 10, 2010, Allstate advised Plaintiff that engagement in the practice of law may result in termination of his affiliation with Allstate and termination of his FINRA registration. (Doc. 1 at 3-4, Doc. 5 at 2).

---

[2] Because sufficient facts are not set forth in the complaint, the Court has looked to the briefings for additional background information. *See Brentar v. Ford Motor Co.*, 2010 U.S. Dist. LEXIS 80470, 14-16 (N.D. Ohio Aug. 10, 2010) *quoting Herring v. Beasley*, No. 05-0215-WS-B, 2005 U.S. Dist. LEXIS 44662, *24 n.9 (S.D. Ala. June 21, 2005) (To decide whether a non-diverse defendant was fraudulently joined, a court can "properly consider background facts . . . regardless of whether those facts were formally pleaded in the Complaint at the time of removal.").

2

Plaintiff alleges that Defendants were aware of his status as a law student during the initial screening, interviewing and training process and that he should now be granted a waiver so that he may engage in the practice of law and maintain his relationship with Allstate. (Doc. 5).

On November 18, 2010, Plaintiff filed the instant action in Clermont County, Court of Common Pleas. On December 17, 2010, the Defendants Allstate filed a notice of removal that Plaintiff opposed and responded to with a Motion to Remand (Doc. 10). Defendants also filed a Motion to Dismiss (Doc. 8). These motions will be handled in turn.

## II.    Removal & Remand

Defendants filed a notice of removal pursuant to 28 U.S.C. § 1441 alleging that removal to Federal court is proper because the amount in controversy exceeds $75,000 and diversity exists between Plaintiff and the only properly joined defendants, Allstate Insurance Company and Allstate Financial Services. (Doc. 1 at 2).

In regards to removal, Congress has stipulated that:

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). *See also Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252 (6th Cir. 2011). District courts maintain original jurisdiction over all civil actions between diverse parties where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).

In the Sixth Circuit, "[i]t is generally agreed . . . that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007); see *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) (If the amount claimed by the plaintiff is claimed in good faith then generally the complaint rules unless from the face of the pleadings, it is apparent, to a legal certainty, that the amount alleged in the complaint was never recoverable in the first instance.). Here, Plaintiff has requested compensatory damages in excess of $158,000 plus costs and fees (Doc. 5 at 2) and therefore, meets the amount in controversy requirement.

As to the citizenship of the parties, Defendants argue that removal of this action is proper because diversity is complete in regards to Allstate and because the fraudulent joinder of Defendants Montes and Stamaton do not warrant that the action be remanded. (Doc. 1 at 2). 28 USC § 1332 has been interpreted to require complete diversity of citizenship so that no party has the same citizenship as any opposing party. *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 201 (6th Cir. 2001); *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). When an action is removed based on diversity, the Court must determine whether complete diversity exists at the time of removal. *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). Indeed, "diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Id.* (*citing SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)). In this regard, the party that seeks to bring a case in Federal court bears the burden of

4

establishing diversity jurisdiction. *Coyne ex rel. Ohio*, 183 F.3d at 493; *see Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994); *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (stating that "the party seeking removal bears the burden of establishing its right thereto").

Here, Defendants argue that Montes and Stamaton were fraudulently joined to defeat diversity. The Sixth Circuit has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. *See Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *See Alexander*, 13 F.3d at 949. On the other hand, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, the Court must remand the action to state court. *Coyne ex rel. Ohio*, 183 F.3d at 493; *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904 (6th Cir. 1999) (the inquiry is whether the plaintiff had at least a colorable cause of action against the non-diverse defendant in state court). "The district court must resolve 'all disputed questions of fact and ambiguities. . . in favor of the non-removing party.'" *Coyne ex rel. Ohio*, 183 F.3d at 492 (*quoting Alexander*, 13 F.3d at 949)*.* Any question as to the propriety of removal must be resolved in favor of remand. *Coyne ex rel. Ohio*, 183 F.3d at 492.

Fraudulent joinder does not necessarily imply actual fraudulent conduct but does raise the question as to whether the resident defendants were joined solely for the purpose of defeating the non-resident defendant's right to remove the case on diversity

5

grounds. *Legacy Commer. Flooring Ltd. v. United Am. Healthcare Corp.*, 2010 U.S. Dist. LEXIS 88834, *6 (S.D. Ohio Aug. 27, 2010). "The burden of persuasion placed on those who cry 'fraudulent joinder' is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 7, (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)).

"When conducting a fraudulent joinder inquiry, a court can 'look beyond the face of the complaint' to determine whether the plaintiff's claims are 'obviously fraudulent or frivolous.'" *Brentar v. Ford Motor Co.*, 2010 U.S. Dist. LEXIS 80470 (N.D. Ohio Aug. 10, 2010)(*quoting Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997)). A court "can employ a summary judgment-like procedure that allows it to pierce the pleadings and examine affidavits and deposition testimony for evidence of fraud or the possibility that the plaintiff can state a claim under state law against a non-diverse defendant." *Id. (quoting King v. Centerpulse Orthopedics, Inc.,* No. 05cv1318, 2006 U.S. Dist. LEXIS 7028, *5 (N.D. Ohio Feb. 24, 2006) (internal quotation omitted)). Unfortunately, in this case, neither party filed any affidavits or other sworn testimony. The Court is left to consider the woefully insufficient non-verified complaint and the facts as alleged in the briefings.[3]

---

[3] Even though the additional facts alleged in the briefings are not sworn testimony, the Court, while under no obligation to do so, will consider those facts in determining the fraudulent joinder issue.

The parties do not dispute that diversity jurisdiction would exist but for the inclusion of Montes and Stamaton, who are both Ohio residents, as defendants. (Doc. 1 at 5). Defendants maintain that Montes and Stamaton are not proper defendants because Plaintiff cannot prove that there is a colorable claim against them under Ohio law. (*Id.*). The complaint is silent as to any specific allegations as to Montes and Stamaton. However, in the motion to remand and the response to the motion to dismiss, Plaintiff alleges claims of fraudulent inducement by Defendants Montes and Stamaton for engaging in continued fraudulent representations, failing to disclose material facts, and failing to comply with an alleged duty to speak. (Doc. 10 at 8). Moreover, Plaintiff argues that Defendants Montes and Stamaton are personally liable because they allegedly reaped "personal financial and professional rewards" for fraudulently inducing Plaintiff. (*Id*.).

### A.   **Fraudulent inducement**

Plaintiff's Motion to Remand alleges that Defendant Montes did not advise Plaintiff that the practice of law was a prohibited activity of an Allstate agent when they met over lunch in September 2007, even though Montes knew that Plaintiff was a law student. (Doc. 10 at 4). Plaintiff then alleges that he was later informed during training by a manager under Defendant Stamaton's supervision that the practice of law was a prohibited activity, but that under company policy a waiver would be available to avoid enforcement of the policy. (*Id.* at 4-5). Plaintiff seems to want this Court to surmise that had he known that he would not be able to practice law that he would not have purchased the Allstate book of business, or maybe, that he would not have finished law

7

school. Given the shortcomings of the complaint, it is hard to decipher the precise nature of Plaintiff's claims.[4]

To prove fraudulent inducement under Ohio law, a plaintiff must prove: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Cohen v. Lamko, Inc.*, 10 Ohio St. 3d 167, 169 (1984); *Said v. Steger*, 1991 Ohio App. LEXIS 2816 (Ohio Ct. App., Clermont County June 17, 1991).

> The statement of the facts as alleged in the complaint are as follows:
>
>> In the fall of 2007, Defendants were fully aware Plaintiff was enrolled in Law School during the initial screening, interviewing and training.
>>
>> In the fall of 2007, during the initial screening, interviewing and training, Defendants knowingly withheld material prohibitions on future activities of Plaintiff.
>>
>> Plaintiff did materially alter his economic position and purchase an Allstate agency in full reliance upon the representations of the Defendants' statements.
>>
>> In the spring of 2008, Plaintiff discovered the prohibitions during training for Securities Authority; Defendants assured

---

[4] While a court must construe a *pro se* plaintiff's pleadings more liberally than pleadings prepared by an attorney, *pro se* litigants "are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims, and summary judgment." *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993). Here, although Plaintiff is *pro se* he is also a licensed attorney and thus the reasons for giving such liberal construction do not necessarily apply. Irrespective, the Court has construed his complaint liberally.

> the Plaintiff a waiver of the prohibition would be made available when needed.
>
> Plaintiff did materially alter his economic position and continue matriculating at the university in full reliance upon the representations of the Defendants' statements.
>
> In November, 2010, Defendants denied waiver to practice law and threatened to terminate Plaintiff's contract with Allstate Insurance Company and Allstate Financial Services as of November 24, 2010.

This Court will assume for the sake of argument that Plaintiff can plead fraudulent inducement with the requisite particularity, which he has not done here. However, even generally assuming that much, Plaintiff has failed to present a colorable argument that a claim against Defendants Montes and Stamaton for fraudulent inducement exists as Plaintiff alleges no personal wrongdoing on by Montes or Stamaton. Instead, any alleged wrongdoing is a corporate wrongdoing and not one where individual liability exists. *See Alexander,* 13 F.3d at 949; *see also Alexander v. Electronic Data Sys. Corp.*, 870 F. Supp. 749, 752-753 (E.D. Mich. 1994)(on remand).

As to Defendant Montes, Plaintiff alleges that Montes had a duty to inform Plaintiff, that as an Allstate agent, Plaintiff would not be permitted to practice law. Without any facts to support that Montes, individually, had a special duty to inform Plaintiff of this information, no colorable claim exists. Montes was meeting with Plaintiff as part of his job responsibilities at Allstate. Plaintiff even acknowledges that the "purpose of the lunch was for Mr. Montes to sign off on Plaintiff as a candidate worthy of approval to become an Allstate agent." (Doc. 11 at 4). There has been nothing presented that would leave this Court to believe that a cause of action against Montes,

9

individually, is possible. Furthermore, Plaintiff admits that another individual was recruiting Plaintiff, not Montes. (Doc. 10 at 3, 4).

Even if the Court found a duty to speak existed, Montes could not be held liable. A party is liable for non-disclosure, "if the party fails to exercise reasonable care to disclose a material fact which may justifiably induce another party to act or refrain from acting, and the non-disclosing party knows that the failure to disclose such information to the other party will render a prior statement or representation untrue or misleading." *State v. Warner*, 55 Ohio St. 3d 31, 54 (1990). Here, even if the Court assumed Montes failed to exercise reasonable care, the failure to disclose that Plaintiff could not practice law did not render any prior statements or representation untrue or misleading as there has been no allegation that Plaintiff was affirmatively told that he could practice law. In addition, although the Defendants knew that Plaintiff was in law school, there is no allegation that Plaintiff made clear to the Defendants that he intended to practice law after graduation. In fact, many people obtain law degrees but never practice law.

Likewise, the Court finds there is no possibility that a valid claim for fraudulent inducement against Defendant Stamaton exists. Plaintiff has not alleged any wrongdoing on behalf of Stamaton. The only allegation is that "Plaintiff was told by a manager reporting to Defendant Bill Stamaton, that practicing law was a prohibited activity" but that a waiver would be available. (Doc. 11 at 5). However, there are no factual allegations that Stamaton was either present for or aware of any statements made by this manager. Moreover, even if Stamaton was aware of the statements, there is no support for Plaintiff's proposition that Stamaton is personally responsible for the

alleged actions of a manager who reports to him. Liability is not imputed on supervisory personnel when a plaintiff fails to allege that a defendant had any personal involvement in, condoned, or otherwise approved an alleged incident. *See Nauroth v. Southern Health Partners, Inc.*, 2009 U.S. Dist. LEXIS 86467, **14-15 (S.D. Ohio, Sept. 21, 2009).

### B.   Unjust Enrichment

Plaintiff maintains, in the alternative, a claim for unjust enrichment against Defendants Montes and Stamaton based upon his theory that they induced Plaintiff to become an Allstate Agent so that they could gain "personal financial and professional rewards." (Doc. 10 at 9). The Court notes that there are no facts in the complaint or in the pleadings that the most liberal construction could translate into a claim for unjust enrichment.

In Ohio, a plaintiff seeking to recover under a claim of unjust enrichment must prove that: "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew of the benefit; and (3) it would be unjust to permit the defendant to retain the benefit without payment." *Meyer v. Chieffo*, 2011 Ohio 1670, ¶37 (Ohio Ct. App., 2011); *Wochna v. Mancino*, 2008 Ohio 996, ¶18 (Ohio Ct. App., 2008). The law for unjust enrichment seeks to prevent a party from retaining a benefit without having paid for the benefit. *Grothaus v. Warner*, 2008 Ohio 6683, ¶8 (Ohio Ct. App., 2008).

In this case, Plaintiff fails to allege any particular benefit conferred upon or retained by either Defendant Montes or Stamaton. Plaintiff merely relies on sweeping statements of "personal financial and professional rewards." (Doc. 10 at 9). The Court

can only speculate that Plaintiff is trying to allege that the benefit conferred on Montes and Stamaton was a bonus of some sort that they received when Plaintiff became an Allstate agent under Allstate's "corporate incentive program."  However, this is not a benefit conferred upon Montes and Stamaton by Plaintiff but instead is a benefit conferred upon them by Allstate.  In addition, it is not unjust for Montes and Stamaton to retain a bonus for work they performed or work that fell under the umbrella of Allstate's "corporate incentive program."

Therefore, since the Court finds that there is not even a colorable argument that a claim under Ohio law exists against Defendants Montes and Stamaton, they were fraudulently joined and are not to be considered in the determination of whether complete diversity existed at the time of removal.  *See Alexander*, 13 F.3d at 949.  Thus, complete diversity of citizenship exists and federal jurisdiction over this action for current and further proceedings is proper under 28 U.S.C. § 1332(a).  With it being apparent that defendants were joined fraudulently to defeat federal jurisdiction; on its own motion, pursuant to Fed. R. Civ. P. 21, the Court DISMISSES Defendants Montes and Stamaton from this action.

### III.    Motion to Dismiss

Defendants have filed a Motion to Dismiss, or in the alternative, to Stay Pending Arbitration.  (Doc. 8).  Because the Court finds that dismissal is proper for Plaintiff's claims against Allstate, the Court will deny the alternative motion to stay the proceedings pending arbitration as moot.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires this Court to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)(*quoting Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss a complaint must contain: (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (*quoting Twombly*, 550 U.S. at 556).

It is well established that a Rule 12(b)(6) motion attacks the sufficiency of the pleadings, and a court ordinarily may not consider documents outside the four corners of the complaint. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir.1997). However, documents a defendant attaches to a motion to dismiss are considered part of the pleadings if they are (1) referred to in the plaintiff's complaint and (2) are central to his claims. *Id*. "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Id*.

Defendants attach three documents to their motion to dismiss: (1) R3001S Exclusive Agency Agreement; (2) Registered Representative Agreement; and (3) 2007 Policies and Procedures Manual. In addition to the facts as alleged in the complaint, the Court will consider the documents attached to the motion to dismiss as they are referred to in the complaint, although not by name, and are central to the claims alleged. Specifically, Plaintiff seeks an injunction to prevent Defendants from terminating the contractual relationship and a waiver of a prohibited act that is set forth in the Policies and Procedures Manual. Therefore, it is acceptable for the Court to consider these documents.

### A. Fraudulent Inducement

Defendants contend that Plaintiff's claims of fraudulent inducement should be dismissed for failure to satisfy the heightened pleading standard that Federal Rule of Civil Procedure 9(b) requires for fraud. (Doc. 8 at 3). A plaintiff who alleges a claim of fraud must satisfy an additional requirement: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); Ohio R. Civ. R. 9(b); *see Ullmo ex rel. Ullmo v. Gilmore Academy*, 273 F.3d 671, 678 (6th Cir. 2001); see also *Saltire Industrial, Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 526 (6th Cir. 2007).

The particularity of the pleading must include (1) specific statements claimed to be false; (2) the time and place the statements were made; and (3) which defendant made the false statements. See *Power & Tel. Supply Co. v. Sun Trust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006) (at a minimum, the plaintiff must allege the time, place and

content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud); *Wagner v. Circle W Mastiffs*, 732 F. Supp. 2d 792, 806 (S.D. Ohio, Aug. 10, 2010); *Bradley v. Bessick*, 2000 Ohio App. LEXIS 1604, *7 (Ohio Ct. App., 2000) (citing *Pollock v. Kanter*, 68 Ohio App. 3d 673, 681-682 (Ohio Ct. App., 1990)). Failure to plead the elements of fraud with particularity will result in a defective claim that cannot withstand a motion to dismiss. *Bradley*, 2000 Ohio App. LEXIS 1604 at *8 (defective claim due to inability to glean from complaint when the fraud allegedly occurred, the misrepresentation made, and the actual reliance, its reasonableness, or the resulting injury); *see Paparodis v. Snively*, 2007 Ohio 6910, ¶74 (Ohio Ct. App., 2007) (failure to provide sufficient facts rendered fraud claims "nothing short of mere bald assertions, lacking sufficient particularity").

Plaintiff fails to allege fraudulent inducement with the requisite particularity required by Rule 9(B) as his cursory allegations do not meet the heightened pleading requirement. A court need not accept as true allegations supported by conclusory statements and the mere recitation of supervisory liability. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Jacobs v. Strickland*, 2009 U.S. Dist. LEXIS 55133, *15 (S.D. Ohio, June 30, 2009). Plaintiff's complaint is a mere six sentences and alleges that Defendants "knowingly withheld material prohibitions on future activities" as Plaintiff was screened, interviewed, and trained, and that Plaintiff materially altered his economic position through the purchase of an Allstate agency in reliance on said representations. (Doc. 5 at 1). The "Brief Statement of the Facts" does not allege specific statements that were false or specific instances where material information was

withheld, nor does it allege who made the false statements or who withheld the information. (*Id.* at 1-2). As to the particular party or parties, Plaintiff's complaint merely denotes "Defendants" and fails to delineate between Defendants Allstate Insurance Company and Allstate Financial Services. (*Id.*) *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563-64 (6th Cir. 2003) (Under Rule 9(b) a complaint that contains no particularized allegations of wrongdoing and fails to identify specific parties or fraudulent acts requires dismissal). Therefore, as a matter of law Plaintiff's fraud claim is defective. *See Power & Tel. Supply Co.*, 447 F.3d at 931; *Bradley*, 2000 Ohio App. LEXIS 1604 at *8; *Paparodis v. Snively*, 2007 Ohio 6910, ¶74; *Mastrosavvas v. Wal-Mart Stores East, LP*, 2010 U.S. Dist. LEXIS 136528, 6-7 (N.D. Ohio Dec. 27, 2010).

### B.  Unjust Enrichment

As set forth above, unjust enrichment requires that a plaintiff prove that: "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew of the benefit; and (3) it would be unjust to permit the defendant to retain the benefit without payment." *Meyer*, 2011 Ohio 1670 at ¶37; *Wochna*, 2008 Ohio 996 at ¶18. The law for unjust enrichment seeks to prevent a party from retaining a benefit without having paid for the benefit. *Grothaus*, 2008 Ohio 6683 at ¶8. However, where "there is a valid and enforceable written contract" unjust enrichment cannot exist because "[u]njust enrichment operates in the absence of an express contract or a contract implied in fact." *Gallo v. Westfield Nat'l Ins. Co.*, 2009 Ohio 1094, ¶19 (Ohio Ct. App., 2009) (*citing F &*

*L Ctr. Co. v. H. Goodman, Inc.*, 2004 Ohio 5856 at ¶15; *University Hosps. of Cleveland, Inc. v. Lynch*, 96 Ohio St.3d 118, 130, 2002 Ohio 3748).

First, the Court notes that there are no allegations in the complaint that would satisfy the pleading requirements for this claim to survive a motion to dismiss. The only relevant allegation is as follows: "If the Court does not grant the equitable relief above, Plaintiff is seeking compensatory damages in the amount of $158,000 plus costs and fees in order to prevent the unjust enrichment of Defendant." (Doc. 5 at 2). Second, even if such allegations were present, there is an express written contract between the parties such that a claim for unjust enrichment can not exist. *See Gallo*, 2009 Ohio 1094 at ¶19. Moreover, Plaintiff has failed to allege that he was not compensated for any work he performed under the contract. Where there is no dispute that a party was fully compensated for the time he was employed, that party's claim that another was unjustly enriched by the performance of his assigned tasks must fail. *Shaw v. J. Pollock & Co.*, 82 Ohio App. 3d 656, 663 (Ohio Ct. App., 1992).

### IV. Conclusion and Recommendations

For the reasons explained herein, **IT IS RECOMMENDED** that: Plaintiff's Motion to Remand (Doc. 10) be **DENIED**; Defendants' Motion to Dismiss (Doc. 8) be **GRANTED**; the alternative motion to stay be **DENIED**; and that this case be **DISMISSED WITHOUT PREJUDICE** from the active docket of this Court.

*s/Stephanie K. Bowman*
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN COOMES,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, et al.,

    Defendants.

Case No. 1:10-cv-905

Weber, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).